# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2025

Lyle W. Cayce
Clerk

_____

No. 23-20244

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Jay Hill,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-249-1

_____

Before Jones, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Andrew Jay Hill challenges his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), arguing that the statute is unconstitutional. We AFFIRM.

I

Within the span of an hour, on March 26, 2022, the Brazos County Sheriff's Office twice responded to disturbances at Hill's residence. Hill's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20244

brother was sleeping in an RV parked outside the residence when he was awakened by gunshots. Hill admitted to officers that, "to get his brother's attention . . . he shot 20 rounds" with a "model HS Produkt (Springfield Armory), model XDM, 9mm semi-automatic pistol," before demanding that his brother leave the property. Officers found shell casings near the RV. Hill confirmed that his firearm was registered with the local police department and that he did not have any other firearms. Hill had six prior felony convictions: two for theft, one for burglary of a habitation, two for credit card abuse, and one for the unauthorized use of a motor vehicle.

Hill was charged in a one-count indictment with being a felon in possession of a firearm in violation of § 922(g)(1). He moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and that it violated the Equal Protection and Commerce Clauses. After the district court denied his motion, Hill pleaded guilty without a plea agreement and was sentenced to time served and a two-year term of supervised release.[1] He timely appealed.

## II

We review "preserved challenges to the constitutionality of a criminal statute de novo." *United States v. Quiroz*, 125 F.4th 713, 717 (5th Cir. 2025).

## A

Hill's as-applied challenge under *Bruen* is foreclosed based on *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, --- S. Ct. ----, 2025

---

[1] One year after his sentencing, the district court granted Hill's motion for early termination of his supervised release, so he is no longer serving his sentence. Because he is challenging his conviction, which can have adverse consequences, his appeal is not moot. *See United States v. Villanueva-Diaz*, 634 F.3d 844, 848–49 (5th Cir. 2011).

2

WL 1727419 (June 23, 2025) (No. 24-6625), and *United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025). *See United States v. Kimble*, 142 F.4th 308, 311 (5th Cir. 2025).[2]

*Diaz* rejected an as-applied challenge to § 922(g)(1) under the *Bruen* framework, finding that disarming an individual convicted of car theft fit within the Nation's historical tradition of regulating firearms. 116 F.4th at 468–72. It left open the possibility that as-applied challenges to § 922(g)(1) under the Second Amendment could succeed, however, depending on the predicate convictions and whether history and tradition support disarming individuals convicted of those crimes. *Id.* at 470 n.4. *Kimble* has identified theft as one of "three categories of offenses that doom a defendant's as-applied challenge." 142 F.4th at 311; *see also Schnur*, 132 F.4th at 870–71 (concluding *Diaz* foreclosed an as-applied challenge by a defendant with two "theft-related" predicate offenses). Hill has convictions for theft and burglary of a habitation. *See United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024) (unpublished) (theft); *United States v. Hemphill*, No. 24-50527, 2025 WL 1898366, at *1 (5th Cir. July 9, 2025) (unpublished) (burglary of a habitation).[3]

---

[2] The parties dispute whether Hill properly raised this argument below and the applicable standard of review. The argument fails under either standard, *United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025) (preserved challenges to § 922(g)(1) are reviewed de novo and unpreserved challenges are reviewed for plain error), so we need not decide which applies, *United States v. Hill*, 63 F.4th 335, 355 (5th Cir. 2023) (pretermitting the issue where the argument fails even "applying the less stringent" standard).

[3] Alternatively, Hill argues that we should remand the case to the district court because "[t]he legal landscape has changed since []Hill filed his motion to dismiss the indictment in September 2022," and the parties did not have the benefit of *Diaz* or *United States v. Rahimi*, 602 U.S. 680 (2024). We have repeatedly resolved § 922(g)(1) appeals post-*Diaz*, however. *United States v. Morgan*, --- F.4th ----, No. 24-30561, 2025 WL 2233205, at *5 (5th Cir. Aug. 6, 2025) (rejecting a similar request).

No. 23-20244

B

Hill concedes his facial challenge is foreclosed by *Diaz*. A facial challenger "must establish that no set of circumstances exists under which the statute would be valid," and *Diaz* found § 922(g)(1) constitutional as applied to the facts in that case. 116 F.4th at 471 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see also United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) (recognizing that a facial challenge to § 922(g)(1) is foreclosed by *Diaz*).

C

Hill also argues that § 922(g)(1) "violates the equal protection guarantee" implicit in the Fifth Amendment's Due Process Clause because it "burdens a fundamental right, *i.e.* the right to keep and bear arms." We recently rejected this argument in *United States v. Goody,* finding that the Fifth Amendment's guarantee of "due process" does not provide an additional layer of protection for the constitutional right to bear arms. 143 F.4th 617, 619 (5th Cir. 2025). "[E]ffort[s] to repackage [a] Second Amendment argument" as a Fifth Amendment challenge are prohibited. *Id.* (citing *United States v. Portillo-Munoz*, 643 F.3d 437, 442 n.4 (5th Cir. 2011)).

D

Finally, Hill contends that § 922(g)(1) exceeds Congress's powers under the Commerce Clause to regulate interstate and foreign commerce because it only requires that an object to have previously crossed state lines, and not that the defendant have been engaged in the relevant market at the time of possession. He acknowledges that this argument was rejected in *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013), and is foreclosed under our caselaw. *See also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

No. 23-20244

## III

The district court's judgment of conviction is AFFIRMED.